UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**TIMOTHY STRONG,**

    **Plaintiff,**

**v.**                                                                                **Case No: 5:15-cv-570-Oc-PRL**

**COMMISSIONER OF SOCIAL SECURITY**

    **Defendant.**

# ORDER

Plaintiff appeals the administrative decision denying his applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI").[1] Upon a review of the record, the memoranda, and the applicable law, the Commissioner's decision is **REVERSED AND REMANDED.**

## I. BACKGROUND

In June 2011, Plaintiff filed applications for DIB and SSI benefits, alleging disability beginning June 1, 2008. (Tr. 141-48). The claims were denied initially, and upon reconsideration. At Plaintiff's request, a hearing was held on January 21, 2013. (Tr. 37-59). After the hearing, the ALJ obtained treatment records from the Alachua County Jail (Tr. 289-350, 351-95), where Plaintiff had been incarcerated, and ordered a consultative psychological evaluation and IQ assessment, which was performed by Dr. William E. Benet, Ph.D., Psy.D on March 6, 2013. (Tr. 397-401). On June 26, 2013, the Administrative Law Judge (ALJ) issued a notice of unfavorable decision, finding Plaintiff not disabled. (Tr. 22-31). Plaintiff's request for

---

[1] The Appeals Council granted Plaintiff an extension of time to file an action in Federal Court. (Tr. 1).

review was denied by the Appeals Council (Tr. 4-6), and Plaintiff initiated this action on November 5, 2015.  (Doc. 1).   Plaintiff has exhausted his administrative remedies, and the final decision of the Commissioner is ripe for review under 42 U.S.C. § 405(g).

Based on a review of the record, the ALJ found that Plaintiff had the following severe impairments:  borderline intellectual functioning and traumatic brain injury.  (Tr. 25).  The ALJ found that the Plaintiff had the residual functional capacity to perform a full range of work at all exertional levels but with the following non-exertional limitations: the claimant must avoid climbing ladders, ropes or scaffolds and work around workplace hazards such as unprotected heights and exposed machinery.  (Tr. 26).  He is limited to work tasks not requiring a production rate pace, and not requiring a GED or reasoning, math, language skill level of more than 2.  (Tr. 26).

Based upon his RFC, the ALJ found that there are jobs that exist in significant numbers in the national economy.  (Tr. 30).  The ALJ found that Plaintiff's ability to perform work at all exertional levels has been compromised by exertional limitation, but that they have little or no effect on the occupational base of unskilled work at all exertional levels.  (Tr. 30).  She then applied Section 204.00 of the Medical –Vocational Guidelines and found that Plaintiff was not disabled.  (Tr. 30-31).

## II.    STANDARD OF REVIEW

A claimant is entitled to disability benefits when he or she is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to either result in death or last for a continuous period of not less than twelve months.   42 U.S.C. §§416(i)(1), 423(d)(1)(A); 20 C.F.R. §404.1505(a).

The Commissioner has established a five-step sequential analysis for evaluating a claim of disability, which is by now well-known and otherwise set forth in the ALJ's decision. *See* 20 CFR §§ 404.1520(a), 416.920(a); *see also Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001). The claimant, of course, bears the burden of persuasion through step four and, at step five, the burden shifts to the Commissioner. *Bowen v. Yuckert*, 482 U.S. 137, 146 n. 5 (1987).

The scope of this Court's review is limited to a determination of whether the ALJ applied the correct legal standards and whether the findings are supported by substantial evidence. *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988)(citing *Richardson v. Perales*, 402 U.S. 389, 390 (1971)). Indeed, the Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. §405(g). Substantial evidence is more than a scintilla – i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (*citing Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401 (1971)); *accord Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991). Where the Commissioner's decision is supported by substantial evidence, the District Court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards*, 937 F.2d at 584 n.3; *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). This is clearly a deferential standard. Nevertheless, "[t]he Secretary's failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal." *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994).

**III.   DISCUSSION**

On appeal, Plaintiff raises three arguments: (1) the ALJ failed to properly evaluate the opinion of consultative examiner, Dr. William Benet, Ph.D., Psy.D.; (2) the ALJ improperly relied on the mechanical application of the Medical-Vocational Guidelines; and (3) the ALJ failed to properly evaluate Plaintiff's credibility.  Because remand is required on the first issue raised in the case, it is unnecessary to review the other two objections to the ALJ's decision.  *Freese v. Astrue*, No.8:06-cv-1839-T-EAJ, 2008 WL 1777722, at *3 (April 18, 2008 M.D. Fla)(citing *Jackson v. Bowen*, 801 F.2d 1291, 1294 n.2 (11th Cir. 1991)).

Plaintiff argues that the ALJ failed to consider the full opinion of consultative examiner, Dr. Benet.  The law is clear that generally "the ALJ must state with particularity the weight given to different medical opinions and the reasons therefor."  *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1179 (11th Cir. Jan. 24, 2011).  This requirement equally applies to opinion evidence from examining consulting physicians.  *See McCloud v. Barnhart*, 166 Fed.Appx. 410, 419)(11th Cir. 2006)(remanding where ALJ did not explain weight given to consulting psychologist's report or the reasons for discrediting his opinion).

On March 6, 2013, Dr. Benet conducted a psychological evaluation and IQ assessment of Plaintiff.  (Tr. 397-401).  IQ testing fell within the borderline range of general intellectual, which was consistent with Plaintiff's educational records, clinical history and mental status, all of which suggested borderline intellectual functioning, as well as a learning disorder in reading and written language.  Dr. Benet opined that Plaintiff will likely have moderate to marked difficulty performing work-related mental tasks involving understanding and memory, sustained concentration and persistence, social interaction and adaptation.  He further opined that Plaintiff will likely require assistance managing his benefits.  Dr. Benet diagnosed Plaintiff with Learning

Disorder-NOS; Borderline Intellectual Functioning; and a Global Assessment of Functioning (GAF) score of 50-55.  He concluded that Plaintiff "should be able to function in an assisted employment setting, matched with his intellectual ability and functional literacy skills, with sustained sobriety."   (Tr. 401).

Dr. Benet also completed a Medical Source Statement of Ability to do Work-Related Activities (Mental).    (Tr. 404-05).    He opined that Plaintiff had marked limitations in: understanding and remembering complex instructions; carrying out complex instructions; the ability to make judgments on complex work-related decisions; and respond appropriately to usual work situations and to changes in a routine work setting.   He also noted that Plaintiff had moderate limitations in the ability to make judgments on simple work-related decisions; and interacting with the public, supervisors, and co-workers.

Here, the ALJ considered Dr. Benet's consultative evaluation and assigned Dr. Benet's opinion "significant weight" because it was based upon his comprehensive examination of the claimant and a thorough review of the records, and because his opinions were consistent with other record evidence.   (Tr. 27-8, 29).   Without any further discussion of Dr. Benet's opinion, the ALJ found that Plaintiff is limited to "work tasks not requiring a production rate pace, and not requiring a GED or reasoning, math, language skill level of more than 2."   Even assuming that this RFC adequately accounts for Plaintiff's marked limitations in understanding, remembering and carrying out complex instructions, the ALJ failed to incorporate, or discuss why she was not incorporating in her RFC other significant work-related limitations identified by Dr. Benet – i.e., "moderate to marked difficulty performing work-related mental tasks involving understanding and memory, sustained concentration and persistence, social interaction and adaptation" (Tr. 400) and moderate

limitations in interacting with the public, supervisors, and co-workers and in responding appropriately to usual work situations and to changes in a routine work setting. (Tr. 405).

While the ALJ may have had legitimate reasons for not including these limitations in the RFC, she failed to state such reasons. This error is significant because it is unknown what impact these additional limitations would have on Plaintiff's ability to perform work at all exertional levels, thus calling into question the ALJ's sole reliance on the grids to find that Plaintiff was not disabled.

For these reasons, the ALJ's mental RFC assessment is not supported by substantial evidence as it is unclear whether the ALJ properly considered the entire opinion of Dr. Benet regarding Plaintiff's mental work-related limitations. This error requires reversal. *See e.g., Owens v. Heckler*, 748 F.2d 1511, 1515-17 (11th Cir. 1984)(declining to affirm an ALJ's decision where it was unclear how the ALJ reached his conclusions and concluding it was not proper to affirm simply because some rationale might have supported the ALJ's conclusions); *Williams v. Astrue*, 3:10-cv-235-J-JBT, 2011 WL 721501, at *3 (M.D. Fla. Feb. 22, 2011)(remanding where ALJ reiterated some of consultative doctor's findings but failed to address the weight he was giving them).

**IV.**   **CONCLUSION**

For the reasons stated above, the ALJ'S decision is REVERSED pursuant to 42 U.S.C. § 405(g) and REMANDED for further proceedings consistent with this Order. The **Clerk is directed** to enter final judgment for the **Plaintiff** and **close the file**.

**DONE and ORDERED** in Ocala, Florida on February 1, 2017.

*[signature]*

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties